

APR **3 0** 2014

DEBORAH S. HUNT, Clerk

Case No. 13-2603

# IN THE UNITED STATES COURT OF APPEALS FOR THE 6TH CIRCUIT

PJ COTTER,

Plaintiff-Appellant,

v.

GMAC MORTGAGE, LLC

Defendant-Appellees.

On Appeal From The United States District Court
For The Eastern District Of Michigan
Case No. 2:12-cv-15382-NGE-LJM.

## APPELLANT'S REPLY BRIEF

Submitted by:

PJ Cotter
UNREPRESENTED
6243 Church Road
Fair Haven, Michigan 48023
(810) 459-6972

## TABLE OF CONTENTS

**I.  STATEMENT OF FACTS** ...................................... p 5

DISCLOUSURE OF CORPORATE AFFILIATIONS AND
FIANCIAL INTEREST  by Ocwen Is Invalid  and Void  ....... p 6

STATEMENT OF REJECTION   OF
ORAL ARGUMENT ......................................  p 7


**II.     ARGUMENT**............................................................... p 7

Does the lack of Subject matter Jurisdiction allow the movement of a case
through the judicial system when the Court Officers and alleged Defendants
have knowledge of the named Defendant Bankruptcy status, giving rise to
having standing or capacity to invoke foreclosure?

**III.  CONCLUSION** ...................................................p 16


**IV.  JUDICIAL NOTICE** ........................................... enclosed

# TABLE OF AUTHORITIES

**CASES**

Lehman v. Lehman, 312 Mich. 102, 105–106; 19 NW2d 502 (1945)
.................................................................... p 7

Bowie v. Arder, 441 Mich. 23, 56; 490 NW2d 568 (1992) ...  p 7

**LAW**
    **MICHIGAN COMPILED LAW**
        **MCL 565.201**............................................ p 10
        **MCL 600.3201**.......................................... p 11
        **MCL 600.3205** ......................................... p 11
        **MCL 600.3205a** ....................................... p 11
        **MCL 600.3205b** ....................................... p 11
        **MCL 600.3205c**........................................ p 11
        **MCL 600.3212** ................................ .......... p 11
        **MCL 600.3216**.......................................... p 11
        **MCL 600.3220**.......................................... p 11
**CODE**
    **15 U.S.C. 1692 et seq**...................................... p 9,10
    **18 U.S. C. § 1001** ...................................... p 16
**RULES**

    **FEDERAL RULES OF CIVIL PROCEDURE**
        **Rule 7.1**.............................................p 5,12,15
        **Rule 11** ............................................p 5,12,15
        **Rule 26** ..........................................  p 5,12,15
        **Rule 34** ...........................................p 12,15
    **FEDERAL RULES OF APPELLATE PROCEDURE**
        **FRAP 26.1 (6th Cir. R 26.1)** .................. p 5
        FRAP 34 Oral Argument ............. ... p 7

**THE UNITED STATES DISTRICT COURT FOR THE EASTERN
DISTRICT OF MICHIGAN, SOUTHERN DIVISION DISTRICT
COURT**
        **LR 5.1** Filing of Papers ......................... p 12,15
        **LR 7.1** Motion Practice ......................... p 12,15
        **LR 83.4 Disclosure of Corporate Affiliations and Financial
        Interest** ................................................. p 11,14
        **UNITED STATES DISTRICT COURT EASTERN**

## DISTRICT OF MICHIGAN ELECTRONIC FILING
## POLICIES AND PROCEDURES R9…........... p 12,15

//

//

//

//

//

//

//

//

//

//

//

//

//

//

//

//

//

//

## I.   STATEMENT OF FACTS

By operation of law it is a legal impossibility for Defendant-Appellee GMAC MORTGAGE, LLC herein after GMAC to have filed any documents into this case as GMAC was in a known Bankruptcy case. GMAC is not the Real Party of Interest and is not the Creditor.  GMAC by has never established  jurisdiction in this case, per rules of court  FRCP Rule 7.1 and Rule 11 filing correct papers and FRCP Rule 26 disclosure as affirmed in Plaintiff-Appellant brief  Case No. 13-2603 [D24] and counter Defendant-Appellee GMAC by and through their attorneys Brief  Case No. 13-2603 [D28].

Once again we are faced with the misrepresentation of documents filed into the case as a slight of hand maneuver and    the continued disregard for procedure which is evident by those with superior knowledge. Furthermore Defendant-Appellee GMAC by and through their attorneys now claims another entity Ocwen Loan Servicing, LLC is to be assumed to have standing in this matter before the court without any factual documentation to confirm under oath from Defendant-Appellee GMAC by and through their attorneys.

## DISCLOSURE OF CORPORATE AFFILIATIONS AND FIANCIAL INTEREST by Ocwen Is Invalid and Void.

The Disclosure of Corporate Affiliations and Financial Interest (Appellee's Brief Page 2) (Ocwen) which is not in compliance with the proper filing of form 6CA-1 (8/08) 6 th Cir. R. 26.1 DISCLOSURE OF CORPORATE AFFILIATIONS AND FINANCIAL INTEREST. This form clearly states:

> "This statement is filed twice: when the appeal is initially opened and later, in the principal briefs, immediately preceding the table of contents….
>
> (c) Forms and Time of Disclosure. The disclosure statement shall be made on a form provided by the clerk and filed with the brief of a party or amicus or upon filing a motion, response, petition, or answer in this Court, whichever first occurs."

Defendant-Appellee GMAC by and through their attorneys filed MOTION TO DISMISS APPEAL FOR LACK OF JURISDICTION in THE UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT on 12/06/2013 [D5]. This motion was filed without the DISCLOSURE OF CORPORATE AFFILIATIONS AND FINANCIAL INTEREST clearly showing Defendant-Appellee GMAC by and through their attorneys ongoing violations of Federal Rules of Civil Procedure, Local Rules of the United States District Court for the Eastern District of Michigan, Southern Division District Court, and THE UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT, done knowingly and willingly.

# STATEMENT OF REJECTION OF ORAL ARGUMENT

The statement "Defendant-Appellee GMAC Mortgage, LLC ("GMAC") only requests oral Argument " is without legal foundation and jurisdiction in either court. GMAC Mortgage, LLC ("GMAC") has never had established jurisdiction by Defendant-Appellee GMAC by and through their attorneys in this matter in both Federal and State Judiciary, therefore Plaintiff-Appellant, rejects the statement for Oral Argument under FRAP 34.

## II. ARGUMENT

Does the lack of Subject matter Jurisdiction allow the movement of a case through the judicial system when the Court Officers and alleged Defendants have knowledge of the named Defendant Bankruptcy status, giving rise to having standing or capacity to invoke foreclosure?

Courts must consider issues of subject matter jurisdiction at any time, even if first raised on appeal.

> Lehman v. Lehman, 312 Mich. 102, 105–106; 19 NW2d
> 502 (1945)
> Bowie v. Arder, 441 Mich. 23, 56; 490 NW2d 568 (1992).

The lack of subject matter jurisdiction does not allow a case to progress through the Judicial system, when the court no subject matter jurisdiction. As Court officers the attorney firms of ORLANS ASSOCIATES, PC and DYKEMA GOSSETT PLLC violated their ethical codes, with questionable behavior and operated in concert to deceive Plaintiff-Appellant, which is Contrary to the Michigan Rules of Professional Conduct, in the manner of the Appearance of deception and deceptive practices. This was done by Defendant-Appellee GMAC by and through their attorneys naming GMAC who is the wrong named party in the documents in public records in this action which makes the action void on its face. There was "no case of controversy" between the GMAC and the Plaintiff-Appellant, as known by the Defendant-Appellee GMAC by and through their attorneys who named the erroneous Creditor with full knowledge of their actions and therefore deprived the courts of any subject matter jurisdiction a prerequisite in this matter including entertaining a claim for relief. These acts caused the entire case to be Moot from its inception, Plaintiff-Appellant did not have the same correct and superior knowledge of proper facts. Without subject matter jurisdiction a court's judgment is void.

The Plaintiff-Appellant states that the Court did not have subject matter jurisdiction over this matter at bar.

Plaintiff-Appellant was in ongoing validation of debt discovery, commencing in 2009, with GMAC MORTGAGE as the contact entity of record. These communications were in reference to the discovery of the filing of fraudulent documents in the Saint Clair County Recorder of Deeds Office. These requests for discovery resulted in Plaintiff-Appellant being drawn into this web of deceptive practices via Certified communication from the office of debt collector Linda Orlans, DBA, AKA ORLANS ASSOCIATES, PC. Linda Orlans, DBA, AKA ORLANS ASSOCIATES, PC affirmed to Plaintiff-Appellant February 7, 2012, that GMAC MORTGAGE, LLC was the creditor who is the foreclosing entity.(See Judicial Notice-Reference ORLANS CHART 2/7/12) This communication was sent with preferred knowledge, forethought, and malice of violating 15 U.S.C. 1692 et seq.

An ASSIGNMENT OF MORTGAGE was created by Linda Orlans, DBA, AKA ORLANS ASSOCIATES, PC and filed in Saint

Clair County Recorder of Deeds Office. (See Judicial Notice-Reference ORLANS CHART 3/20/12) With preferred knowledge, forethought, and malice of violating 15 U.S.C. 1692 et seq, SECURITY EXCHANGE COMMISSION (SEC) rulings and New York Trust Law, Linda Orlans, DBA, AKA ORLANS ASSOCIATES, PC created a purported, ASSIGNMENT OF MORTGAGE (3/20/2012). (See Judicial Notice-Reference ORLANS CHART 3/20/12).

The above recording of the ASSIGNMENT OF MORTGAGE (3/20/2012) (See Judicial Notice-Reference ORLANS CHART 3/20/12) was done after Notice of Foreclosures Action by GMAC MORTGAGE, LLC. (See Judicial Notice-Reference ORLANS CHART 2/7/12) and filing in violation of Michigan Compiled Law 565.201 Requirements for recording with Register of Deeds.

Using said purported, ASSIGNMENT OF MORTGAGE(See Judicial Notice-Reference ORLANS CHART 3/20/12), with preferred knowledge and full knowledge of the above events and knowing that GMAC MORTGAGE, LLC was in  bankruptcy in

U.S. Bankruptcy Court Southern District of New York (Manhattan) Bankruptcy Petition #: 12-12020-mg (See Judicial Notice-Reference ORLANS CHART (5/14/12) Linda Orlans, DBA, AKA ORLANS ASSOCIATES, PC published an unlawful Notice of Foreclosure (Notice ID 1102389) (See Judicial Notice-Reference ORLANS CHART 10/9/12) in violation of MCL 600.3201, 600.3205, 600.3205a, 600.3205b, 600.3205c, 600.3212, 600.3216, 600.3220. The above actions and others are in clear violation of the attorney Oath of Office and the Michigan rules of Professional Conduct (See Judicial Notice).

These illegal actions by Linda Orlans, DBA, AKA ORLANS ASSOCIATES, PC caused the Plaintiff-Appellant to file his original action November 28, 2012 against GMAC MORTGAGE, LLC and their attorney of record ORLANS ASSOCIATES, PC

STATE OF MICHIGAN IN THE CIRCUIT COURT FOR THE COUNTY OF ST. CLAIR case 12-002946-CH. (See Judicial Notice-Reference ORLANS CHART 11/28/12)

With full knowledge of the above events and knowing that GMAC MORTGAGE, LLC was in bankruptcy in U.S. Bankruptcy Court Southern District of New York (Manhattan) Bankruptcy Petition #: 12-12020-mg, (See Judicial Notice-Reference ORLANS

CHART (5/14/12) Defendant-Appellee GMAC through their attorney Dykema Gossett PLLC, Attorneys Thomas M. Schehr and Nasseem S. Ramin having never established subject matter jurisdiction in this matter and continually with preferred knowledge, forethought, malice of violating Federal Rules of Civil Procedure, FRCP Rule 7.1, FRCP Rule 11, FRCP Rule 26, FRCP Rule 34 and THE UNITED STATES DISTRICT COURT EASTERN DISTRICT OF MICHIGAN SOUTHERN DIVISION DISTRICT COURT LR 5.1, LR 7.1, LR 83.4. UNITED STATES DISTRICT COURT EASTERN DISTRICT OF MICHIGAN ELECTRONIC FILING POLICIES AND PROCEDURES R9.

> THE UNITED STATES DISTRICT COURT EASTERN DISTRICT
> OF MICHIGAN SOUTHERN DIVISION DISTRICT COURT Case
> No. 2:12-cv-15382-NGE-LJM.

In this instance case, the proceedings and the final judgment against the Plaintiff-Appellant is in direct conflict with the Fifth Amendment of the Bill of rights. The subject matter of the case involves the rights of property.

The Plaintiff-Appellant states and maintains that the Court did not have subject matter jurisdiction over this matter at bar, and that the Court has displayed behavior of being Bias and Prejudice. The Court is empowered to

act in order to preserve the rights of liberty interest for all. When Rights involved are secure, there can be no rule making, or abuse of power to abrogate them. The Fundamental Rights and Due Process represents the principle that the Court must administer the law fair and justly.

The court has no subject matter jurisdiction as Presiding Judge Honorable Nancy G. Edmunds, has a conflict of interest clearly shown in her Biography as having been associated with Law Firm of , DYKEMA GOSSETT PLLC for  14 years, from 1978 until 1992, including being a partner and a member of  commercial litigation department.

http://www.mied.uscourts.gov/Judges/guidelines/topic.cfm?topic_id=141

(see Judicial Notice)

The Judges involvement in this case per the Code of Conduct for United States takes the jurisdiction from court.

> CANON 1: A JUDGE SHOULD UPHOLD THE INTEGRITY AND INDEPENDENCE OF THE JUDICIARY
>
> CANON 2: A JUDGE SHOULD AVOID IMPROPRIETY AND THE APPEARANCE OF IMPROPRIETY IN ALL ACTIVITIES
>
> Canon 2A. An appearance of impropriety....
>
> CANON 3: A JUDGE SHOULD PERFORM THE DUTIES OF THE OFFICE FAIRLY, IMPARTIALLY AND DILIGENTLY

http://www.uscourts.gov/RulesAndPolicies/CodesOfConduct/Code
ConductUnitedStatesJudges.aspx
(see Judicial Notice)

There are clear violations of the above listed well known and established Canons.

The Honorable Nancy G. Edmunds should have recused herself immediately upon assignment of this case below, because of her entrenched relationship with Dykema PLLC. (see Judicial Notice of Bio of Nancy Edmunds and the positions held with the company)

THE UNITED STATES DISTRICT COURT EASTERN DISTRICT OF MICHIGAN SOUTHERN DIVISION DISTRICT COURT Case No. 2:12-cv-15382-NGE-LJM

Furthermore the Honorable Nancy G. Edmunds knew or should have known through her position and access to these cases and others,

- THE UNITED STATES DISTRICT COURT EASTERN DISTRICT OF MICHIGAN SOUTHERN DIVISION DISTRICT COURT Case No. 11-cv-15103-JCO-MJH

- THE UNITED STATES DISTRICT COURT EASTERN DISTRICT OF MICHIGAN SOUTHERN DIVISION DISTRICT COURT Case No. 12-cv-12329-AJT-MJH

The involvement of Magistrate Judge Laurie J. Michelson in case:

THE UNITED STATES DISTRICT COURT EASTERN DISTRICT OF MICHIGAN SOUTHERN DIVISION DISTRICT COURT Case No. 13-cv-12639-PDM-LJM

Clearly affirms Magistrate Judge Laurie J. Michelson had personal knowledge of GMAC MORTGAGE, LLC bankruptcy. Such knowledge known to Magistrate Judge Laurie J. Michelson under the direct supervision of the Honorable Nancy G. Edmunds in regard to Plaintiff-Appellant case below.

THE UNITED STATES DISTRICT COURT EASTERN DISTRICT OF MICHIGAN SOUTHERN DIVISION DISTRICT COURT Case No. 2:12-cv-15382-NGE-LJM

Affirms that Defendant-Appellee GMAC by and through their attorneys had no jurisdiction in the above matter having never established any jurisdiction in this matter and continually with preferred knowledge, forethought, malice of violating the Federal Rules of Civil Procedure, FRCP Rule 7.1, FRCP Rule 11, FRCP Rule 26, FRCP Rule 34 and Local Rules of the United States District Court for the Eastern District of Michigan, Southern Division District Court LR 5.1, LR 7.1, LR 83.4. UNITED STATES DISTRICT COURT EASTERN DISTRICT OF MICHIGAN ELECTRONIC FILING POLICIES AND PROCEDURES R9.

## III.  CONCLUSION

The clearly defined ongoing actions is a violation of attorneys Oath of Office, Ethics and the violation of the Judicial Canons by Honorable Nancy G. Edmunds and Magistrate Judge Laurie J. Michelson Officers of the Court who are deemed to have a higher standard in there behaviors both in Court and in the Public Eye. As such flagrant disregard for their stature has been made clearly evident by and through their actions clearly shows that THE UNITED STATES DISTRICT COURT EASTERN DISTRICT OF MICHIGAN SOUTHERN DIVISION has no subject matter jurisdiction in the matter of Plaintiff-Appellant, Cotter case:

> THE UNITED STATES DISTRICT COURT EASTERN DISTRICT
> OF MICHIGAN SOUTHERN DIVISION DISTRICT COURT Case
> No. 2:12-cv-15382-NGE-LJM

For reasons stated herein, and in the Plaintiff-Appellant Brief, Cotter has standing to challenge the validity of this foreclosure action based upon the fraud and improprieties alleged in his Complaint, Plaintiff-Appellant Brief (Exhibit 2) and throughout this case, as THE UNITED STATES DISTRICT COURT EASTERN DISTRICT OF MICHIGAN SOUTHERN DIVISION by and through it one actions has no Subject Matter Jurisdiction in this matter.

The above action of the Court, Court Officers and Defendant-

Appellee GMAC by and through their attorneys are in clear violation of 18 U.S. Code § 1001.

//

//

//

//

//

//

WHEREFORE, Plaintiff-Appellant, Cotter, requests that this Court reverse the District Court's Judgment and Order, and remand the case for further proper legal proceedings. The Plaintiff desires to have the Judicial Opportunity to reopen this case with leave to file an amended complaint with the newly discovered evidence that was withheld by Debt collectors, for the purpose to withhold with preferred knowledge, forethought and malice the names of the proper parties in the attempted foreclosure case at bar.

In the alternative Plaintiff-Appellant desires to have the Judicial

opportunity to file a new case in the venue of origination, as Plaintiff-Appellant was deceived   and deprived of pertinent facts in the Advertisement and the Notice of Foreclosure by the Debt collectors. Plaintiff-Appellant relied on the information presented in the Advertisement and Notice of Foreclosure upon which to bring a case to defend his property in dispute. The written documentation provided by the Debt Collector attorney's and their firms was misleading and Debt Collectors  purposely named the wrong entity contrary per the Consumer Protections Laws, Federal and State Fair Debt Collection Practice Act and Article 5 of the Bill of Rights.

Plaintiff-Appellant demands Sanctions of the all the attorneys involved for their continued ongoing abusive behavior and violations of their oath of office and ethics pursuant to FRCP Rule 11.


Respectfully Submitted,

Dated: April 29, 2014

P-J: Cotter
Unrepresented

CERTIFICATE OF SERVICE

I, P J Cotter certify that on this 29th day of April, 2014  a copy of the foregoing documents filed in the **UNITED STATES COURT OF APPEALS** FOR THE SIXTH CIRCUIT were served upon the following parties via U.S.P.S. first class mail.

Thomas M. Schehr (P54391)
Nasseem S. Ramen (P73513)
*Attorneys for Defendant*
Dykema Gossett PLLC
400 Renaissance Center, 37th floor
Detroit, MI 48243
313.568.5326

    I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 29th day of April, 2014 at Saint Clair County, Michigan.

*P-f: Cotter*

PJ Cotter

Case No. 13-2603

# IN THE UNITED STATES COURT OF APPEALS FOR THE 6TH CIRCUIT

PJ COTTER,

Plaintiff-Appellant,

v.

GMAC MORTGAGE, LLC

Defendant-Appellees.

On Appeal From The United States District Court
For The Eastern District Of Michigan
Case No. 2:12-cv-15382-NGE-LJM.

## APPELLANT'S REQUEST FOR JUDICIAL NOTICE, OF INFORMATION AND ADJUDICATIVE FACTS AS A MEMORANDUM IN LAW, IN SUPPORT OF REPLY TO APPELLEES BRIEF

Submitted by:

PJ Cotter
UNREPRESENTED
6243 Church Road
Fair Haven, Michigan 48023
(810)459-6972

COMES NOW, the Plaintiff-Appellant P J Cotter , unrepresented

pursuant to Federal  Rules of Evidence §201 and hereby requests this

Honorable Court take Judicial Notice of the documents described herein,

of the following,  undisputed;  Codes, Case citing, Public documents,

Public laws, Congressional Records, and well documented references, as

listed hereinafter and in support states as follows:

//

//

Plaintiff-Appellant  moves this Court to take judicial notice of:

1. ORLANS CHART

| | |
|---|---|
| GMAC MORTGAGE, LLC\CREDITOR\ORLANS | 2/7/12 |
| GMAC MORTGAGE, LLC\FORECLOSING\ORLANS | 2/7/12 |
| GMAC MORTGAGE, LLC\Assignment | 3/20/12 |
| **GMAC MORTGAGE, LLC File BK** | 5/14/12 |
| GMAC MORTGAGE, LLC\Debt Collector\ORLANS | 10/2/12 |
| GMAC MORTGAGE, LLC\Notice of Foreclosure\ORLANS | 10/9/12 |
| Complaint filed\GMAC MORTGAGE, LLC\ORLANS | 11/8/12 |

//

//

//



11/28/12 ≅ Complaint filed\GMAC
MORTGAGE,LLC\ORLANS

10/9/12 ≅ GMAC MORTGAGE,LLC\Notice of
Foreclosure\ORLANS

10/2/12 ≋ GMAC MORTGAGE,LLC\DEBT
Collector\ORLANS

5/14/12 ≋ GMAC MORTGAGE, LLC files BK

3/20/12 ≋ GMAC MORTGAGE,LLC\Assignment

2/7/12 ≋ GMAC
MORTGAGE,LLC\Foreclosing|ORLANS

2/7/12 ≡ GMAC
MORTGAGE,LLC\CREDITOR\ORLANS

//

//

//

//

//

2. Biography  Honorable Nancy G. Edmunds web site
   http://www.mied.uscourts.gov/Judges/guidelines/topic.cfm?topic_id=141

3. UNDISPUTED FACT- Michigan Lawyers Oath of Office
   http://www.michbar.org/generalinfo/lawyersoath.cfm

4. UNDISPUTED FACT- Code of Conduct for United States Judges
   http://www.uscourts.gov/RulesAndPolicies/CodesOfConduct/Code
   ConductUnitedStatesJudges.aspx

5. UNDISPUTED FACT- Code Of Professional Responsibility


Timely written notice of this request is hereby given by USPS service

upon Defendant-Appellee (GMAC) by and through their attorneys



Respectfully Submitted,

Dated: April 29, 2014

P-J: Cotter
Unrepresented

# Case No. 13-2603

PJ COTTER,

Plaintiff-Appellant,

v.

GMAC MORTGAGE, LLC

Defendant-Appellees.

## 1.         ORLANS CHART

## Number of pages  29

ORLANS CHART
ORLANS SUMMARY FLOW CHART OF FORECLOSURE EVENTS
RESULTING IN FILING OF
STATE OF MICHIGAN IN THE CIRCUIT COURT
FOR THE COUNTY OF ST. CLAIR
case 12-002946-CH.

| | |
|---|---|
| GMAC MORTGAGE, LLC\CREDITOR\ORLANS | 2/7/12 |
| GMAC MORTGAGE, LLC\Foreclosing\ORLANS | 2/7/12 |
| GMAC MORTGAGE, LLC\Assignment | 3/20/12 |
| GMAC MORTGAGE, LLC files BK | 5/14/12 |
| GMAC MORTGAGE, LLC\DEBT Collector\ORLANS | 10/2/12 |
| GMAC MORTGAGE, LLC\Notice of Foreclosure\ORLANS | 10/9/12 |
| Complaint filed\GMAC MORTGAGE, LLC\ORLANS | 11/28/12 |



# ORLANS

ORLANS
PO Box 5041
Troy, Michigan 48007-5041
P 248-502-1400  F 248-502-1401
www.orlans.com

IF YOU ARE CURRENTLY IN BANKRUPTCY OR HAVE RECEIVED A DISCHARGE IN
BANKRUPTCY AS TO THIS OBLIGATION, THIS COMMUNICATION IS INTENDED FOR
INFORMATIONAL PURPOSES ONLY AND IS NOT AN ATTEMPT TO COLLECT A DEBT IN
VIOLATION OF THE AUTOMATIC STAY OR THE DISCHARGE INJUNCTION. IN SUCH
CASE, PLEASE DISREGARD ANY PART OF THIS COMMUNICATION WHICH IS
INCONSISTENT WITH THE FOREGOING.

OTHERWISE, FEDERAL LAW REQUIRES US TO ADVISE YOU THAT COMMUNICATION
FROM OUR OFFICE COULD BE INTERPRETED AS AN ATTEMPT TO COLLECT A DEBT
AND THAT ANY INFORMATION OBTAINED MAY BE USED FOR THAT PURPOSE.

IF YOU ARE NOW ON ACTIVE MILITARY DUTY OR HAVE BEEN IN THE PRIOR NINE
MONTHS, PLEASE CONTACT OUR OFFICE AS YOU MAY BE ENTITLED TO THE
BENEFITS OF THE SERVICEMEMBERS' CIVIL RELIEF ACT.

February 7, 2012

P. J. Cotter
6243 Church Street
Ira, MI 48023

File Number: 703.1727

Dear Owner(s):

This office represents GMAC Mortgage, LLC, which is the creditor to whom your mortgage debt is owed
or the servicing agent for the creditor to whom the debt is owed. The creditor has referred this matter to
this office with instructions to start proceedings to foreclose the mortgage located at: 6243 Church Street

As of the date of this letter, the balance due is as follows:

| | |
|---|---|
| Principal | 216,680.27 |
| Interest | 2,871.76 |
| Late Charges | 134.73 |
| Advances | -2,429.05 |
| Bad Check/NFS | 0.00 |
| **TOTAL** | **$217,257.71** |

Under the terms of your mortgage, the creditor hereby elects to accelerate the total indebtedness. You may
have the right to reinstate the mortgage, subject to the creditor's approval by paying all past due installments,
late charges, delinquent taxes, insurance premiums, costs and fees incurred in the foreclosure. Requests for
reinstatement information must be received before the date of the sheriff's sale. To request reinstatement
information, contact our Loan Resolution Department at 248-502-1600, or email at
reinstatements@orlans.com. Please leave your loan information and mailing address with our automated
service. A representative will contact you via mail or phone within five business days.

The debt described above will be assumed to be valid by this office, the creditor's law firm, unless you, the
debtor/consumer, within thirty (30) days after the receipt of this notice, dispute the validity of the debt or

some portion thereof. If you notify this office in writing, within thirty (30) days of the receipt of this notice, that the debt, or any portion thereof, is disputed, we will obtain a verification of the debt and a copy of the verification will be mailed to you. If the debt is based on a judgment, a copy of the judgment will be provided for you, upon request.

If the creditor named in paragraph one of this letter is not the original creditor, and if you make a written request to this office within thirty (30) days from the receipt of this notice, the name and address of the original creditor will be mailed to you.

If you have been discharged from personal liability on the mortgage because of bankruptcy proceedings, this letter is not, and should not be construed to be an attempt to collect a debt from you personally, but only enforcement of a lien against the property.

Very truly yours,
Orlans Associates PC

**CERTIFIED MAIL**

Orlans
P.O. Box 5041
Troy, MI 48007-5041

****RESTRICTED DELIVERY****
FILE NUMBER: 703.1727

P.J. COTTER
6243 CHURCH STREET
IRA, MI 48023

7190 0001 7860 0218 1083

48023$1215 R0094

**RESTRICTED DELIVERY**

Case No. 13-2603   APPELLANT'S REPLY BRIEF 4/29/2014     ORLANS CHART
GMAC MORTGAGE,LLC\CREDITOR\ORLANS  2/7/12

# ORLANS

ORLANS
PO Box 5041
Troy, Michigan 48007-5041
P 248-502-1400  F 248-502-1401
www.orlans.com

IF YOU ARE CURRENTLY IN BANKRUPTCY OR HAVE RECEIVED A DISCHARGE IN
BANKRUPTCY AS TO THIS OBLIGATION, THIS COMMUNICATION IS INTENDED FOR
INFORMATIONAL PURPOSES ONLY AND IS NOT AN ATTEMPT TO COLLECT A DEBT IN
VIOLATION OF THE AUTOMATIC STAY OR THE DISCHARGE INJUNCTION.  IN SUCH
CASE, PLEASE DISREGARD ANY PART OF THIS COMMUNICATION WHICH IS
INCONSISTENT WITH THE FOREGOING.

OTHERWISE, FEDERAL LAW REQUIRES US TO ADVISE YOU THAT COMMUNICATION
FROM OUR OFFICE COULD BE INTERPRETED AS AN ATTEMPT TO COLLECT A DEBT
AND THAT ANY INFORMATION OBTAINED MAY BE USED FOR THAT PURPOSE.

IF YOU ARE NOW ON ACTIVE MILITARY DUTY OR HAVE BEEN IN THE PRIOR NINE
MONTHS, PLEASE CONTACT OUR OFFICE AS YOU MAY BE ENTITLED TO THE
BENEFITS OF THE SERVICEMEMBERS' CIVIL RELIEF ACT.

February 7, 2012

P. J. Cotter
6243 Church Street
Ira, MI 48023

File Number:  703.1727

Dear Owner(s):

This office represents GMAC Mortgage, LLC, which is the creditor to whom your mortgage debt is owed
or the servicing agent for the creditor to whom the debt is owed. The creditor has referred this matter to
this office with instructions to start proceedings to foreclose the mortgage located at: 6243 Church Street

As of the date of this letter, the balance due is as follows:

| | |
|---|---|
| Principal | 216,680.27 |
| Interest | 2,871.76 |
| Late Charges | 134.73 |
| Advances | -2,429.05 |
| Bad Check/NFS | 0.00 |
| TOTAL | $217,257.71 |

Under the terms of your mortgage, the creditor hereby elects to accelerate the total indebtedness. You may
have the right to reinstate the mortgage, subject to the creditor's approval by paying all past due installments,
late charges, delinquent taxes, insurance premiums, costs and fees incurred in the foreclosure. Requests for
reinstatement information must be received before the date of the sheriff's sale. To request reinstatement
information, contact our Loan Resolution Department at 248-502-1600, or email at
reinstatements@orlans.com.  Please leave your loan information and mailing address with our automated
service.  A representative will contact you via mail or phone within five business days.

The debt described above will be assumed to be valid by this office, the creditor's law firm, unless you, the
debtor/consumer, within thirty (30) days after the receipt of this notice, dispute the validity of the debt or

some portion thereof. If you notify this office in writing, within thirty (30) days of the receipt of this notice, that the debt, or any portion thereof, is disputed, we will obtain a verification of the debt and a copy of the verification will be mailed to you. If the debt is based on a judgment, a copy of the judgment will be provided for you, upon request.

If the creditor named in paragraph one of this letter is not the original creditor, and if you make a written request to this office within thirty (30) days from the receipt of this notice, the name and address of the original creditor will be mailed to you.

If you have been discharged from personal liability on the mortgage because of bankruptcy proceedings, this letter is not, and should not be construed to be an attempt to collect a debt from you personally, but only enforcement of a lien against the property.

Very truly yours,
Orlans Associates PC

# CERTIFIED MAIL

**Orlans**
P.O. Box 5041
Troy, MI 48007-5041

*****RESTRICTED DELIVERY*****
FILE NUMBER: 703.1727

P.J. COTTER
6243 CHURCH STREET
IRA, MI 48023



7190 0001 7860 0218 1083

**RESTRICTED DELIVERY**

48 0233 1 215 R 004

Jay De Boyer Register Of Deeds
S: Clair County Michigan

Rec   $10.00
Remon  $4.00
Tax Crt $0.00

Recorded
March 27, 2012  01:05:41 PM
Liber 4237 Page 756-756
Receipt # 8976    R HTC2012006703

Seal

Liber 4237 Page 756

RECEIVED  MAR 2 7 2012

## ASSIGNMENT OF MORTGAGE

MIN: 100013800897442394

MERS PHONE: 1-888-679-6377

FOR VALUE RECEIVED, the undersigned, Mortgage Electronic Registration Systems, Inc., as nominee for GreenPoint Mortgage Funding, Inc., it's successors and/or assigns, located at P.O. Box 2026 Flint, MI 48501, hereby grants, assigns and transfers to GMAC Mortgage, LLC, 1100 Virginia Drive, P.O. Box 8300, Fort Washington, Pennsylvania 19034, all its rights, title and interest in and to that certain real estate mortgage dated June 5, 2006 made by P. J. Cotter, a single man, to Mortgage Electronic Registration Systems, Inc., as nominee for GreenPoint Mortgage Funding, Inc., it's successors and/or assigns, in the amount of $208,000 and recorded on June 14, 2006 in the St. Clair County Register of Deeds Office at Liber 3569, Page 384, describer as follows:

Situated       in       the       Township       of       Ira,       St.       Clair       County,       Michigan:

The South 1/2 of the South 1/2 of the South 1/2 of the Northwest 1/4 of Section 4, Town 3 North, Range 15 East, Ira Township, St Clair County, Michigan

Commonly known as: 6243 Church Street, Ira, MI 48023

Tax ID 23-004-1014-000

DATE: 3-26-12

Mortgage Electronic Registration Systems, Inc., as nominee for GreenPoint Mortgage Funding, Inc., it's successors and/or assigns

By: _____ Tyrone Thorogood

Its   Assistant Secretary

STATE OF Pennsylvania        )
                             ) ss
COUNTY OF Montgomery         )

The foregoing instrument was acknowledged before me this 20 day of March , 2012 by Tyrone Thorogood, its Assistant Secretary of Mortgage Electronic Registration Systems, Inc., as nominee for GreenPoint Mortgage Funding, Inc., it's successors and/or assigns.

_____ Christine Morales
Notary Public
State - Pennsylvania County, Montgomery
My Commission Expires: 
Acting in Montgomery County

Drafted by and when recorded return to:
Nakia Robinson
Attorney at Law
Orlans Associates PC
P.O. Box 5041
Troy, MI 48007
(248) 457-1000

COMMONWEALTH OF PENNSYLVANIA
NOTARIAL SEAL
CHRISTINE MORALES
Abington Twp., Montgomery County
My Commission Expires January 28, 2015

Orlans File No. 703.1727

ORLANS CHART

Recording Fee:

Date Filed: 8/9/2012

## Frequently Asked Questions for Counterparties to Assumed Contracts

1. **I was unaware that ResCap filed for bankruptcy. What does this development mean for me?**

On May 14, 2012 (the "Petition Date"), Residential Capital, LLC and certain of its subsidiaries such as GMAC Mortgage, LLC (collectively, "ResCap") filed voluntary petitions under Chapter 11 of the U.S. Bankruptcy Code. ResCap has and will continue to operate its core business in the ordinary course throughout the bankruptcy process.

ResCap filed for Chapter 11 in order to facilitate a sale of the majority of its assets as a going concern. ResCap is currently seeking to effectuate a sale of ResCap's mortgage origination and servicing platform (effectively comprising the entirety of ResCap's operating business) and a legacy loan portfolio as part of its Chapter 11 case. Combined, these sales are projected to yield over $4 billion to ResCap's bankruptcy estates.

In addition, ResCap has secured over $1.6 billion in new debtor-in-possession financing, which will be used, in part, to fund its post-petition obligations, including payments to counterparties in the ordinary course.

ResCap expects to meet all of its post-petition obligations, meaning those goods and services sold or provided to ResCap on or after the Petition Date.

2. **Will I be paid for goods and services delivered to ResCap prior to the Chapter 11 filings?**

These payments are categorized as pre-petition claims. Federal law generally prohibits payment of suppliers' pre-petition claims without specific Bankruptcy Court approval.

Most pre-petition claims will be dealt with as part of the bankruptcy process. ResCap is committed to completing this process as efficiently as possible.

3. **What is the difference between a pre-petition and post-petition claim?**

Pre-petition claims are claims for goods and services delivered to the company prior to the Petition Date. Most of these claims will be settled as part of ResCap's Chapter 11 plan.

Post-petition claims are claims for goods and services delivered to the company on or after the Petition Date. ResCap will continue paying these claims in the normal course of business.

4. **I received a Notice of Debtors' Intent to Assume and Assign Certain Executory Contracts, and Unexpired Leases (the "Cure Notice"). What does this mean?**

Receipt of the Cure Notice means the Debtors have identified certain executory contracts or unexpired leases to which you are a party – noted on the attached schedule you received – that *may* be assumed by ResCap and assigned to Nationstar Mortgage LLC (or any other successful bidder), the stalking horse purchaser for ResCap's mortgage servicing platform.

The schedule you received also outlines a "Cure Amount." Cure Amounts are required to be paid by ResCap prior to assumption and assignment of your executory contract or unexpired lease. Although the required cure amounts paid by ResCap cover both outstanding pre-petition and post-petition obligations, the Cure Amounts noted on the schedule do not include:

- o Existing post-petition obligations that the Debtors anticipate paying in the ordinary course prior to the closing date, which is anticipated to occur no earlier than November 19, 2012;

- o Post-petition obligations that may be incurred but were unknown as of July 25th , which may remain outstanding against ResCap as of the Closing Date;

- o Unknown pre-petition date obligations; or

- o Known pre-petition obligations relating to critical vendor payments for which ResCap has already received court approval to pay prior to the closing date.

If a Cure Amount is listed as zero on the schedule you received, that means ResCap concluded no Cure Amount (according to the above parameters) remained outstanding as of July 13, 2012.

Any mutually agreed pre-petition and post-petition obligations that may remain outstanding against ResCap prior to the Closing Date will be reconciled and honored by ResCap as a condition to assuming and assigning your executory contract or unexpired lease. Note that any such mutually agreed amounts will not be paid until your executory contract or unexpired lease is assumed and assigned, which is scheduled to occur no earlier than November 19, 2012.

5. **What if I disagree with the proposed Cure Amount or assumption and assignment of my executory contract or unexpired lease?**

You are required to serve an objection on the parties noted in paragraph 8 of the Cure Notice by September 28, 2012 at 5 p.m. (Eastern Time). Thereafter, the parties will

2

seek to resolve your objection consensually. If your objection is resolved, ResCap may enter into a written stipulation with you, which will not be filed with the court.

If your objection is not resolved, the bankruptcy court will hear your objection either at the Sale Hearing (currently scheduled for November 19, 2012) or at an earlier date.

Note: any objections to the proposed Cure Amount must assert that there exist outstanding defaults, and must specifically explain the nature of the asserted default. You are required to provide appropriate documentation to support your objection.

6. **If I agree with the Cure Amount calculation, and I do not object to the assumption and assignment of my assumed contract, am I required to take any further action?**

No.

7. **When is my contract scheduled to be assigned to Nationstar or any other successful bidder?**

On the closing date, which is anticipated to occur no earlier than November 19, 2012. Note, however, that the purchaser generally maintains the ability, up to two business days prior to the closing date, to exclude your contract from the Assumed Contract list. ResCap will notify you if this occurs.

8. **Has ResCap hired a claims agent?**

Yes. Kurtzman Carson Consultants LLC (KCC) is serving as ResCap's claims agent.

9. **Will my point of contact at ResCap change?**

No. Your day-to-day contact at ResCap will remain the same.

10. **Who should I contact if I still have questions?**

If you have any additional questions, please call 877-904-4622 or email apvendorcallcenter@gmacrescap.com. Additionally, all notifications and public filings are available online at www.kccllc.net/rescap.

3

UNITED STATES BANKRUPTCY COURT, SOUTHERN DISTRICT OF NEW YORK

In re Residential Capital, LLC, et al., Debtors.

Chapter 11 Case No: 12-12020 (MG)

(Jointly Administered)

## NOTICE OF CHAPTER 11 BANKRUPTCY CASES, MEETING OF CREDITORS, AND DEADLINES

Chapter 11 bankruptcy cases concerning the Debtors listed below were filed on May 14, 2012. You may be a creditor of one of the Debtors. This notice lists important deadlines. You may want to consult an attorney to protect your rights. All documents filed with the Bankruptcy Court, including lists of the Debtors' properties and debts, are available for inspection at the office of the Clerk of the Bankruptcy Court and the Bankruptcy Court's website, www.nysb.uscourts.gov or by accessing the website maintained by the Debtors' claims and noticing agent, www.kccllc.net/rescap. Note that a PACER password is needed to access documents on the Bankruptcy Court's website (a PACER password may be obtained by accessing the PACER website, http://pacer.psc.uscourts.gov). NOTE: The staff members of the office of the Clerk of the Bankruptcy Court and the Office of the United States Trustee cannot give legal advice.

If you have any questions regarding this notice, please call the ResCap Homeowner Hotline at (888) 926-3479. You may also submit an inquiry online at www.kccllc.net/rescap.

| Name of Debtor | Case Number | Tax Identification Number |
|---|---|---|
| | | 93-0891336 |
| Residential Funding Company, LLC | 12-12019 (MG) | 20-1770738 |
| Residential Capital, LLC | 12-12020 (MG) | 23-2887228 |
| ditech, LLC | 12-12021 (MG) | 26-1424257 |
| DOA Holding Properties, LLC | 12-12022 (MG) | 26-2783274 |
| DOA Properties IX (Lots-Other), LLC | 12-12023 (MG) | 26-2747974 |
| EPRE LLC | 12-12024 (MG) | 02-0632797 |
| Equity Investment I, LLC | 12-12025 (MG) | 26-4051445 |
| ETS of Virginia, Inc. | 12-12026 (MG) | 45-2910665 |
| ETS of Washington, Inc. | 12-12027 (MG) | 23-2778943 |
| Executive Trustee Services, LLC | 12-12028 (MG) | 23-2593763 |
| GMAC-RFC Holding Company, LLC | 12-12029 (MG) | 26-2748469 |
| GMAC Model Home Finance I, LLC | 12-12030 (MG) | 20-4796930 |
| GMAC Mortgage USA Corporation | 12-12031 (MG) | 23-1694840 |
| GMAC Mortgage, LLC | 12-12032 (MG) | 91-1902190 |
| GMAC Residential Holding Company, LLC | 12-12033 (MG) | 23-3036156 |
| GMACRH Settlement Services, LLC | 12-12034 (MG) | 45-5064887 |
| GMACM Borrower LLC | 12-12035 (MG) | 45-5222043 |
| GMACM REO LLC | 12-12036 (MG) | 03-0536369 |
| GMACR Mortgage Products, LLC | 12-12037 (MG) | None |
| HFN REO Sub II, LLC | 12-12038 (MG) | 25-1849412 |
| Home Connects Lending Services, LLC | 12-12039 (MG) | 26-2736869 |
| Homecomings Financial Real Estate Holdings, LLC | 12-12040 (MG) | 51-0369458 |
| Homecomings Financial, LLC | 12-12042 (MG) | 23-1893048 |
| Ladue Associates, Inc. | 12-12043 (MG) | 51-0404130 |
| Passive Asset Transaction, LLC | 12-12044 (MG) | 26-3722729 |
| PATI A, LLC | 12-12045 (MG) | 26-3722937 |
| PATI B, LLC | 12-12046 (MG) | 27-0515201 |
| PATI Real Estate Holdings, LLC | 12-12047 (MG) | 26-3723321 |
| RAHI A, LLC | 12-12048 (MG) | 26-3723553 |
| RAHI B, LLC | 12-12049 (MG) | 27-0515287 |
| RAHI Real Estate Holdings, LLC | 12-12050 (MG) | 20-3802722 |
| RCSFJV2004, LLC | 12-12051 (MG) | 51-0368240 |
| Residential Accredit Loans, Inc. | 12-12052 (MG) | 41-1955181 |
| Residential Asset Mortgage Products, Inc. | 12-12053 (MG) | 51-0362653 |
| Residential Asset Securities Corporation | 12-12054 (MG) | 63-1105449 |
| Residential Consumer Services of Alabama, LLC | 12-12055 (MG) | 34-1754796 |
| Residential Consumer Services of Ohio, LLC | 12-12056 (MG) | 75-25010515 |
| Residential Consumer Services of Texas, LLC | 12-12057 (MG) | 20-4812167 |
| Residential Consumer Services, LLC | 12-12058 (MG) | |

HOMEOWNER

| | | |
|---|---|---|
| Residential Funding Mortgage Exchange, LLC | 12-12059 (MG) | 41-1674247 |
| Residential Funding Mortgage Securities I, Inc. | 12-12060 (MG) | 75-2006294 |
| Residential Funding Mortgage Securities II, Inc. | 12-12061 (MG) | 41-1808858 |
| Residential Funding Real Estate Holdings, LLC | 12-12062 (MG) | 26-2736505 |
| Residential Mortgage Real Estate Holdings, LLC | 12-12063 (MG) | 26-2737180 |
| RFC-GSAP Servicer Advance, LLC | 12-12064 (MG) | 26-1960289 |
| RFC Asset Holdings II, LLC | 12-12065 (MG) | 41-1984034 |
| RFC Asset Management, LLC | 12-12066 (MG) | 06-1664678 |
| RFC Borrower LLC | 12-12068 (MG) | 45-5065558 |
| RFC Construction Funding, LLC | 12-12069 (MG) | 41-1925730 |
| RFC REO LLC | 12-12070 (MG) | 45-5222407 |
| RFC SFJV-2002, LLC | 12-12071 (MG) | 06-1664670 |

| | |
|---|---|
| Proposed Attorneys for Debtors<br>Larren M. Nashelsky<br>Gary S. Lee<br>Lorenzo Marinuzzi<br>MORRISON & FOERSTER LLP<br>1290 Avenue of the Americas<br>New York, New York 10104<br>Telephone: (212) 468-8000<br>Facsimile: (212) 468-7900 | DATE, TIME, AND LOCATION OF MEETING OF<br>CREDITORS PURSUANT TO BANKRUPTCY<br>CODE SECTION 341(a)<br>June 25, 2012 at 1:00 p.m. (ET)<br>80 Broad Street, Fourth Floor<br>New York, New York 10004 |

**DEADLINE TO FILE A PROOF OF CLAIM** None at this time. When the Bankruptcy Court sets a claims deadline, you will be notified and provided a proof of claim form by mail.

**DEADLINE TO FILE A COMPLAINT TO DETERMINE DISCHARGEABILITY OF CERTAIN DEBTS**
None at this time.

CREDITORS MAY NOT TAKE CERTAIN ACTIONS AGAINST THE DEBTORS IN MOST INSTANCES, BECAUSE THE FILING OF THE BANKRUPTCY CASE AUTOMATICALLY STAYS CERTAIN COLLECTION AND OTHER ACTIONS AGAINST THE DEBTORS AND THE DEBTORS' PROPERTY. UNDER CERTAIN CIRCUMSTANCES, THE STAY MAY BE LIMITED TO 30 DAYS OR NOT EXIST AT ALL, ALTHOUGH THE DEBTORS CAN REQUEST THE BANKRUPTCY COURT TO EXTEND OR IMPOSE A STAY. IF YOU ATTEMPT TO COLLECT A DEBT OR TAKE OTHER ACTION IN VIOLATION OF THE BANKRUPTCY CODE, YOU MAY BE PENALIZED. COMMON EXAMPLES OF PROHIBITED ACTIONS BY CREDITORS ARE CONTACTING THE DEBTORS TO DEMAND REPAYMENT, TAKING ACTION AGAINST THE DEBTORS TO COLLECT MONEY OWED TO CREDITORS OR TO TAKE PROPERTY OF THE DEBTORS, AND STARTING OR CONTINUING COLLECTION ACTIONS, FORECLOSURE ACTIONS, OR REPOSSESSIONS. CONSULT A LAWYER TO DETERMINE YOUR RIGHTS IN THIS CASE.

| | |
|---|---|
| Address of the Clerk of the Bankruptcy Court<br>Clerk of the United States Bankruptcy Court, One Bowling Green, New York, New York 10004 | For the Bankruptcy Court: Vito Genna Clerk of the Court, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004. |
| Hours Open: 8:30 a.m. – 5:00 p.m. | Date: May 24, 2012 |
| Filing of Chapter 11 Bankruptcy Case | A bankruptcy case under chapter 11 of the Bankruptcy Code (title 11, United States Code) has been filed in this Bankruptcy Court by each of the Debtors named above, and an order for relief has been entered. Chapter 11 allows a debtor to reorganize or liquidate pursuant to a plan. A plan is not effective unless confirmed by the Bankruptcy Court. You may be sent a copy of the plan and disclosure statement telling you about the plan, and you might have an opportunity to vote on the plan. You will be sent a notice of the date of the confirmation hearing, and you may object to confirmation of the plan and attend the confirmation hearing. Unless a trustee is serving, the Debtors will remain in possession of the Debtors' property and may continue to operate their business. |
| Legal Advice | Staff of the office of the Clerk of the Bankruptcy Court cannot give legal advice. Consult a lawyer to determine your rights in this case. |
| Creditors Generally May Not | Prohibited collection actions are listed in Bankruptcy Code § 362. Common examples of prohibited actions include contacting the Debtors by telephone, mail, or otherwise to demand |

HOMEOWNER

2

| Take Certain Actions | repayment; taking actions to collect money or obtain property from the Debtors; repossessing the Debtors' property; and starting or continuing lawsuits or foreclosures. |
|---|---|
| Meeting of Creditors | A meeting of creditors is scheduled for the date, time, and location listed above. *The Debtors' representative must be present at the meeting to be questioned under oath by the trustee and by creditors.* Creditors are welcome to attend, but are not required to do so. The meeting may be continued and concluded at a later date without further notice. |
| Notice | You will not receive notice of all documents filed in these chapter 11 cases. On May 23, 2012, the Bankruptcy Court entered its Order Under bankruptcy Code Sections (102)(1), 105(a) and 105(d), Bankruptcy Rules 1015(c), 2002(m) and 9007 and Local Bankruptcy Rule 2002-2 Establishing Certain Notice, Case Management and Administrative Procedures (the "Notice Procedures Order"). The Notice Procedures Order describes the notice procedures that apply in these chapter 11 cases. All parties who desire to participate in these chapter 11 cases must follow the procedures set forth in the Notice Procedures Order. Parties can obtain a copy of the Notice Procedures Order and all other documents filed electronically with the Bankruptcy Court in these cases, including lists of the Debtors' property and debts, by: (i) contacting the office of the Clerk of the Bankruptcy Court at One Bowling Green, New York, New York 10004-1408, (ii) accessing the Bankruptcy Court's website at www.nysb.uscourts.gov. Note that a PACER (http://www.pacer.psc.uscourts.gov) password and login are needed to access documents on the Court's website; (iii) accessing the website maintained by the Debtors' claims and noticing agent at www.kccllc.net/rescap; or (iv) contacting the Debtors' counsel at: Morrison & Foerster LLP, 1290 Avenue of the Americas, New York, New York 10104 (Attn: Larren M. Nashelsky, Esq., Gary S. Lee, Esq. and Lorenzo Marinuzzi, Esq.). |
| Claims | Schedules of liabilities will be filed pursuant to Bankruptcy Rule 1007. Any creditor holding a scheduled claim which is not identified as disputed, contingent, or unliquidated as to amount may, but is not required to, file a proof of claim in these cases. Creditors whose claims are not scheduled or whose claims are scheduled as disputed, contingent, or unliquidated as to amount and who desire to participate in these cases or share in any distribution must file a proof of claim. A creditor who relies on the schedule of liabilities has the responsibility for determining that the claim is listed accurately. A form of proof of claim and notice of the deadline for filing such proof of claim will be sent to you later. A deadline for the last day for filing proofs of claim has not yet been established. |
| Discharge of Debts | Confirmation of a chapter 11 plan may result in a discharge of debts, which may include all or part of your debt. *See* Bankruptcy Code § 1141(d). A discharge means that you may never try to collect the debt from the Debtors, except as provided in the plan. If you believe that a debt owed to you is not dischargeable under Bankruptcy Code § 1141(d)(6)(A), you must start a lawsuit by filing a complaint in the office of the Clerk of the Bankruptcy Court by the deadline established by the Bankruptcy Court. |
| Barclays DIP Order | The Bankruptcy Court is considering the entry of several "final orders," including the final order (the "Barclays DIP Order") to grant the Debtors' Motion For Interim And Final Orders Pursuant To 11 U.S.C. §§ 105, 362, 363(b)(1), 363(f), 363(m), 364(c)(1), 364(c)(2), 364(c)(3), 364(d)(1) And 364(e) And Bankruptcy Rules 4001 And 6004 (I) Authorizing The Debtors To (A) Enter Into And Perform Under Receivables Purchase Agreements And Mortgage Loan Purchase And Contribution Agreements Relating To Initial Receivables And Mortgage Loans And Receivables Pooling Agreements Relating To Additional Receivables, And (B) Obtaining Postpetition Financing On A Secured, Superpriority Basis, (II) Scheduling A Final Hearing Pursuant To Bankruptcy Rules 4001(b) and 4001(c), And (III) Granting Related Relief.<br><br>The Debtors are seeking to have the Barclays DIP Order provide, among other things, that the transfers of mortgage loans and servicing advance receivables from Debtors GMAC Mortgage LLC and Residential Funding Company LLC to Debtors GMACM Borrower LLC to RFC Borrower LLC were or are, as applicable, free and clear of all liens, claims and encumbrances pursuant to Section 363(f) of the Bankruptcy Code. |
| Office of the Clerk of the Bankruptcy Court | Any paper that you file in these bankruptcy cases should be filed at the office of the Clerk of the Bankruptcy Court at the address listed in this notice. You may inspect all papers filed, including the list of the Debtors' property and debts and the list of property claimed as exempt, at the office of the Clerk of the Bankruptcy Court. |
| Foreign Creditors | Consult a lawyer familiar with United States bankruptcy law if you have any questions regarding your rights in this case. |

HOMEOWNER

3

# ORLANS

ORLANS
PO Box 5041
Troy, Michigan 48007-5041
P 248-502-1400  F 248-502-1401
www.orlans.com

IF YOU ARE CURRENTLY IN BANKRUPTCY OR HAVE RECEIVED A DISCHARGE IN
BANKRUPTCY AS TO THIS OBLIGATION, THIS COMMUNICATION IS INTENDED FOR
INFORMATIONAL PURPOSES ONLY AND IS NOT AN ATTEMPT TO COLLECT A DEBT IN
VIOLATION OF THE AUTOMATIC STAY OR THE DISCHARGE INJUNCTION. IN SUCH
CASE, PLEASE DISREGARD ANY PART OF THIS COMMUNICATION WHICH IS
INCONSISTENT WITH THE FOREGOING.

OTHERWISE, FEDERAL LAW REQUIRES US TO ADVISE YOU THAT COMMUNICATION
FROM OUR OFFICE COULD BE INTERPRETED AS AN ATTEMPT TO COLLECT A DEBT
AND THAT ANY INFORMATION OBTAINED MAY BE USED FOR THAT PURPOSE.

IF YOU ARE NOW ON ACTIVE DUTY OR HAVE BEEN IN THE PRIOR NINE
MONTHS, PLEASE CONTACT OUR OFFICE AS YOU MAY BE ENTITLED TO THE
BENEFITS OF THE SERVICEMEMBERS' CIVIL RELIEF ACT.

October 2, 2012

P. J. Cotter
6243 Church Street Ira, MI 48023

RE:    6243 Church Street
       Ira, MI 48023
       Loan No. 0307722389
       Orlans File No. 703.1727

Dear Borrower:

This letter is in response to your request for verification of the debt owing on your mortgage.
Pursuant to your correspondence, we have contacted GMAC Mortgage, LLC, who services your
mortgage and it has provided the following information:

Loan No. 0307722389
Loan Origination Date June 5, 2006
Original Loan Amount: $208,000.00
Original Lender: GreenPoint Mortgage Funding, Inc.
Original Lender Address: 100 Wood Hollow Drive Novato, CA 94945

Current Mortgagee: GMAC Mortgage, LLC
Current Mortgagee Address: 1100 Virginia Drive, P.O. Box 8300 Fort Washington, PA 19034

Current Servicer: GMAC Mortgage, LLC
Current Servicer Address: 1100 Virginia Drive, P.O. Box 8300 Fort Washington, PA 19034

Enclosed please find a payment history from GMAC Mortgage, LLC that was requested for the
above-referenced file along with the endorsed note, recorded mortgage, and recorded assignment
of mortgage. GMAC Mortgage, LLC's previously-sent response is enclosed as well. If you have
any questions, please contact GMAC Mortgage, LLC.

Sincerely,

ORLANS ASSOCIATES, P.C.

Enclosures

02389

NoticeId  1102389

FullNoticeText  IF YOU ARE CURRENTLY IN
BANKRUPTCY OR HAVE RECEIVED
A DISCHARGE IN BANKRUPTCY AS
TO THIS OBLIGATION, THIS
COMMUNICATION IS INTENDED
FOR INFORMATIONAL PURPOSES
ONLY AND IS NOT AN ATTEMPT TO
COLLECT A DEBT IN VIOLATION OF
THE AUTOMATIC STAY OR THE
DISCHARGE INJUNCTION. IN SUCH
CASE, PLEASE DISREGARD ANY
PART OF THIS COMMUNICATION
WHICH IS INCONSISTENT WITH
THE FOREGOING. OTHERWISE,
FEDERAL LAW REQUIRES US TO
ADVISE YOU THAT
COMMUNICATION FROM OUR
OFFICE COULD BE INTERPRETED
AS AN ATTEMPT TO COLLECT A
DEBT AND THAT ANY
INFORMATION OBTAINED MAY BE
USED FOR THAT PURPOSE. IF YOU
ARE NOW ON ACTIVE MILITARY
DUTY OR HAVE BEEN IN THE
PRIOR NINE MONTHS, PLEASE
CONTACT OUR OFFICE AS YOU MAY
BE ENTITLED TO THE BENEFITS OF
THE SERVICEMEMBERS' CIVIL
RELIEF ACT. MORTGAGE SALE -
Default has been made in the
conditions of a mortgage made by
P. J. Cotter, a single man, to
Mortgage Electronic Registration
Systems, Inc., as nominee for
GreenPoint Mortgage Funding,
Inc., it's successors and/or
assigns, Mortgagee, dated June 5,
2006 and recorded June 14, 2006
in Liber 3569, Page 384, St. Clair
County Records, Michigan. Said
mortgage is now held by GMAC
Mortgage, LLC by assignment.
There is claimed to be due at the
date hereof the sum of Two
Hundred Twenty-Two Thousand
Seven Hundred Eleven and 82/100
Dollars ($222,711.82) including
interest at 3.75% per annum.
Under the power of sale contained
in said mortgage and the statute in
such case made and provided,
notice is hereby given that said
mortgage will be foreclosed by a
sale of the mortgaged premises, or
some part of them, at public
vendue at the South main entrance
to the County Bldg. in Port Huron
in St. Clair County, Michigan at
1:00 p.m. on 11/08/2012 Said
premises are located in the
Township of Ira, St. Clair County,
Michigan, and are described as:
Situated in the Township of Ira, St.
Clair County, Michigan: The South
1/2 of the South 1/2 of the South
1/2 of the Northwest 1/4 of
Section 4, Town 3 North, Range 15
East, Ira Township, St. Clair
County, Michigan. The redemption
period shall be 6 months from the
date of such sale, unless

Case No. 13-2603   APPELLANT'S REPLY BRIEF 4/29/2014     ORLANS CHART
GMAC MORTGAGE,LLC\ Notice of Foreclosure\ORLANS 10/9/12.

http://legalnews.com/publicnotices/snippet/1102389                              10/9/2012

## STATE OF MICHIGAN
### IN THE CIRCUIT COURT FOR THE COUNTY OF SAINT CLAIR

P J Cotter,

     Plaintiff,

Case

Hon.

**12002946CH**
**KELLY**

v

GMAC MORTGAGE, LLC

     Defendant,

| | |
|---|---|
| ORLANS ASSOCIATES, P.C. <br> P.O. Box 5041 <br> Troy Michigan 48007 <br> 248-502-1400 | P J Cotter <br> 6243 Church Rd <br> Fair Haven Mi. 48023 <br> 810-459-6972 |

### COMPLAINT

<u>PLAINTIFF'S EX-PARTE MOTION FOR EMERGENCY RESTRAINING ORDER
AND FOR ORDER TO SHOW CAUSE</u>

### JURISDICTIONAL ALLEGATIONS

1. Plaintiff P J Cotter has owned the real property, material to this complaint commonly

    known as 6243 Church Road, Fair Haven, Saint Clair County, Michigan since 1999.

2. Defendant GMAC MORTGAGE, LLC is a Michigan Foreign Limited Liability Company

    organized under the laws of Delaware.

3. The acts complained of took place in Saint Clair County.

4. This court has jurisdiction.

### GENERAL FACTUAL ALLEGATIONS

1

5. Plaintiff received an unsigned document, dated February 7, 2012, from ORLANS ASSOCIATES, P. C. **EXHIBIT1**

6. Plaintiff received an unsigned document, dated February 7, 2012, from ORLANS ASSOCIATES, P. C. stating "OTHERWISE, FEDERAL LAW REQUIRES US TO ADVISE YOU THAT COMMUNICATION FROM OUR OFFICE COULD BE INTERPRETED AS AN ATTEMPT TO COLLECT A DEBT AND THAT ANY INFORMATION OBTAINED MAY BE USED FOR THAT PURPOSE."

**EXHIBIT 1**

7. Plaintiff received an unsigned document, dated February 7, 2012, from ORLANS ASSOCIATES, P. C. stating "This office represents GMAC Mortgage, LLC, which is the creditor to whom your mortgage debt is owed or the servicing agent for the creditor to whom the debt is owed. The creditor has referred this matter to this office with instructions to start proceedings to foreclose the mortgage located at 6243 Church Street." **EXHIBIT 1**

8. Plaintiff received an unsigned document, dated February 7, 2012, from ORLANS ASSOCIATES, P. C. with no reference to any identifying contract with GMAC Mortgage, LLC. **EXHIBIT 1**

9. Plaintiff received an unsigned document, dated February 7, 2012, from ORLANS ASSOCIATES, P. C. stating "The debt described above will be assumed to be valid by this office, the creditor's law firm, unless you, the debtor/consumer, within thirty (30)

2

days after the receipt of this notice, dispute the validity of the debt or some portion

thereof."                                                    **EXHIBIT 1**

10. Plaintiff received an unsigned document, dated February 7, 2012, from ORLANS

ASSOCIATES, P. C. stating "If you notify this office in writing, within thirty (30) days

of the receipt of this notice, that the debt, or any portion thereof, is disputed, we will

obtain a verification of the debt and a copy of the verification will be mailed to you."

**EXHIBIT 1**

11. Plaintiff received an unsigned document, dated February 7, 2012, from ORLANS

ASSOCIATES, P. C. stating "If the creditor named in paragraph one of this letter is not

the original creditor, and if you make a written request to this office within thirty (30)

days from the receipt of this notice, the name and address of the original creditor will be

mailed to you."                                              **EXHIBIT 1**

12. Plaintiff received an unsigned document, dated February 7, 2012, from ORLANS

ASSOCIATES, P. C., with no reference to any identifying contract\debt with "GMAC

Mortgage LLC".                                               **EXHIBIT 1**

13. Plaintiff received an unsigned document, dated February 7, 2012, from ORLANS

ASSOCIATES, P. C., with no reference to any identifying contract\debt with "The

creditor".                                                   **EXHIBIT 1**

14. Plaintiff received an unsigned document, dated February 7, 2012, from ORLANS

ASSOCIATES, P. C.                                            **EXHIBIT 2**

3

15. Plaintiff received an unsigned document, dated February 7, 2012, from ORLANS ASSOCIATES, P. C. stating "OTHERWISE, FEDERAL LAW REQUIRES US TO ADVISE YOU THAT COMMUNICATION FROM OUR OFFICE COULD BE INTERPRETED AS AN ATTEMPT TO COLLECT A DEBT AND THAT ANY INFORMATION OBTAINED MAY BE USED FOR THAT PURPOSE."

**EXHIBIT 2**

16. Plaintiff received an unsigned document, dated February 7, 2012, from ORLANS ASSOCIATES, P. C. stating **"Please be advised that this is a time sensitive document with a 30 day deadline for response."**    **EXHIBIT 2**

17. Plaintiff received an unsigned document, dated February 7, 2012, from ORLANS ASSOCIATES, P. C. stating "b) GMAC Mortgage, LLC has designated Orlans Association Loss Mitigation Department ("Orlans") as its Designated Agent to facilitate negotiations and attend meetings."    **EXHIBIT 2**

18. Plaintiff received an unsigned document, dated February 7, 2012, from ORLANS ASSOCIATES, P. C. stating "This office is the law firm which represents GMAC Mortgage LLC, the creditor to whom your mortgage debt is owed or the servicing agent of your mortgage."    **EXHIBIT 2**

19. Plaintiff received an unsigned document, dated February 7, 2012, from ORLANS ASSOCIATES, P. C. stating "GMAC Mortgage has referred this matter to this office with instructions to start proceeding to foreclose the mortgage located at 6243 Church Street, Ira, MI 48023."    **EXHIBIT 2**

4

20. Plaintiff received an unsigned document, dated February 7, 2012, from ORLANS ASSOCIATES, P. C. stating "c) The person to contact to schedule a meeting to attempt to work out a loan modification is: Orlans Associates P. C. Loss Mitigation Department, P. O. Box 5041, Troy, MI 48007-5041. Phone: (248) 502-1331," **EXHIBIT 2**

21. Plaintiff received an unsigned document, dated February 7, 2012, from ORLANS ASSOCIATES, P. C. stating "g) That if an agreement is not reached to modify the mortgage loan, but it is determined that you met the criteria for a modification under MCL 600.3205c(1)"                                      **EXHIBIT 2**

22. Plaintiff received an unsigned document, dated February 7, 2012, from ORLANS ASSOCIATES, P. C. stating "g).... and foreclosure under this chapter is not allowed under section MCL 600.3205c(7), the foreclosure of the mortgage will proceed before a judge instead of by advertisement."                      **EXHIBIT 2**

23. Plaintiff received an unsigned document, dated February 7, 2012, from ORLANS ASSOCIATES, P. C., with no reference to any identifying contract\debt with "GMAC Mortgage LLC".                                         **EXHIBIT 2**

24. Plaintiff received an unsigned document, dated February 7, 2012, from ORLANS ASSOCIATES, P. C., with no reference to any identifying contract\debt with "The creditor".                                                  **EXHIBIT 2**

25. Plaintiff received an unsigned document, dated October 2, 2012, from ORLANS ASSOCIATES, P. C.                                      **EXHIBIT3**

26. Plaintiff received an unsigned document, dated October 2, 2012, from ORLANS
ASSOCIATES, P. C. stating "This letter is in response for verification of the debt owing
on your mortgage."                                                **EXHIBIT 3**

27. Plaintiff received an unsigned document, dated October 2, 2012, from ORLANS
ASSOCIATES, P. C. stating "Pursuant to your correspondence, we have contacted
GMAC mortgage, LLC, who services your mortgage and it has provided the following
information.

Loan No. 03077223898

Loan Origination Date June 5, 2006

Original Loan Amount: $208,000.00

Original Lender: GreenPoint Mortgage Funding, Inc.

Original Lender Address: 100 Wood Hollow Drive Novato, CA 94945" **EXHIBIT 3**

28. Plaintiff received an unsigned document, dated October 2, 2012, from ORLANS
ASSOCIATES, P. C. stating "

Current Mortgagee: GMAC Mortgage, LLC

Current Mortgagee Address: 1100 Virginia Drive, P.O. Box 8300 Fort Washington, PA
19034"                                                            **EXHIBIT 3**

29. Plaintiff received an unsigned document, dated October 2, 2012, from ORLANS
ASSOCIATES, P. C. stating "

Current Servicer: GMAC Mortgage, LLC

Current Servicer Address: 1100 Virginia Drive, P.O. Box 8300 Fort Washington, PA

19034"                                                    **EXHIBIT 3**

30. Plaintiff received an unsigned document, dated October 2, 2012, from ORLANS

ASSOCIATES, P. C. stating " Enclosed please find a payment history from GMAC

Mortgage, LLC"                                          **EXHIBIT 3**

31. Plaintiff received an unsigned document, dated October 2, 2012, from ORLANS

ASSOCIATES, P. C. stating "Enclosed please find….the endorsed note"  **EXHIBIT 3**

32. Plaintiff received an unsigned document, dated October 2, 2012, from ORLANS

ASSOCIATES, P. C. stating "Enclosed please find….recorded mortgage" **EXHIBIT 3**

33. Plaintiff has no knowledge of any signed contract with GMAC Mortgage, LLC in

reference to Loan No. 03077223898, Loan Origination Date June 5, 2006 **EXHIBIT 3**

34. Plaintiff received an unsigned document, dated October 2, 2012, from ORLANS

ASSOCIATES, P. C. stating "Enclosed please find….recorded assignment of mortgage."

                                                         **EXHIBIT 4**

35. Plaintiff has carefully examined " ASSIGNMENT OF MORTGAGE" which clearly

indicates a purported loan number 00897442394 not Loan No. 03077223898 as claimed

by GMAC Mortgage, LLC.                                   **EXHIBIT 4**

36. Plaintiff has carefully examined " ASSIGNMENT OF MORTGAGE" ,which clearly

indicates a purported loan number 00897442394, was authored by ORLANS

ASSOCIATES, P. C. and recorded in SAINT CLAIR COUNTY REGISTER OF DEEDS

OFFICE Liber 4237 Page 756 on March 27, 2012          **EXHIBIT 4**

37. Plaintiff has confirmed that this "ASSIGNMENT OF MORTGAGE" was created and executed after the initial notice of foreclosure of February 7, 2012. **EXHIBIT 1,4**

38. Plaintiff confirmed posting in the TIMES HERALD, PORT HURON, MICHIGAN "Notice of Mortgage Foreclosure Sale"                    **EXHIBIT 5**

## COUNT I

### FAILURE TO COMPLY WITH

### I5 USC §1692g-Validation of Debt

39. Plaintiff restates the foregoing paragraphs 1-34

40. Plaintiff responded to purported claim of debt on February 13, 2012. **EXHIBIT 6**

41. Defendant failed to respond in accordance with I5 USC §1692g – Validation of Debt

**EXHIBIT 7**

42. Plaintiff notified Defendant, April 13, 2012, of their failure to comply with I5 USC §1692g – Validation of Debt.                    **EXHIBIT 8**

43. Plaintiff notified Defendant, June 15, 2012, of their failure to comply with I5 USC §1692g – Validation of Debt.                    **EXHIBIT 9**

44. Plaintiff notified Defendant, August 13, 2012, of their failure to comply with I5 USC §1692g – Validation of Debt.                    **EXHIBIT 10**

**WHEREFORE,** Plaintiff respectfully moves that this Honorable Court having jurisdiction under  15 U.S.C. §1692, Fair Debt Collection Practices Act; 28 U.S.C §1367

8

(Supplemental Jurisdiction) and the Home Ownership and Equity Protection Act

("HOEPA") will enter an order adjudging the Defendant to shall be prohibited from

holding the sale of the e Subject Property for any reason whatsoever together with such

other and further relief as the Court may deem reasonable and just under the

circumstances.

## COUNT II

### FAILURE TO COMPLY WITH 12 USC §2605

#### Servicing of mortgage loans and administration of escrow accounts

45. Plaintiff restates the foregoing paragraphs 1-34

46. Plaintiff responded to purported claim of mortgage, March 7, 2012, with Qualified

   Written Request (QWR) in compliance with 12 USC §2605 Servicing of mortgage loans

   and administration of escrow accounts.(B) Qualified Written Request.  **EXHIBIT 11**

47. Defendant failed to comply in accordance with 12 USC §2605 Servicing of mortgage

   loans and administration of escrow accounts.(B) Qualified Written Request.

                                                          **EXHIBIT 12**

48. Plaintiff notified Defendant, May 7, 2012, of their failure to comply with 12 USC §2605

   Servicing of mortgage loans and administration of escrow accounts.(B) Qualified Written

   Request.                                               **EXHIBIT 13**

49. Plaintiff notified Defendant, July 10, 2012, of their failure to comply with 12 USC §2605 Servicing of mortgage loans and administration of escrow accounts.(B) Qualified Written Request.                                              **EXHIBIT 14**

50. Plaintiff notified Defendant, September 11, 2012, of their failure to comply with 12 USC §2605 Servicing of mortgage loans and administration of escrow accounts.(B) Qualified Written Request.                                         **EXHIBIT 15**

**WHEREFORE,** Plaintiff respectfully moves that this Honorable Court having jurisdiction under  12 U.S.C §2605 (RESPA); 28 U.S.C §1367 (Supplemental Jurisdiction) and the Home Ownership and Equity Protection Act ("HOEPA") will enter an order adjudging the Defendant to  shall be prohibited from holding the sale of the e Subject Property for any reason whatsoever together with such other and further relief as the Court may deem reasonable and just under the circumstances.

## COUNT III

### FAILURE TO COMPLY WITH

### MCL 600.3205, 600.3205a, 600.3205b, 600.3205c, 600.3205d

51. Plaintiff restates the foregoing paragraphs 1-34

52. Plaintiff responded, February 10, 2012, in compliance with MCL 600.3205c(1) as per Defendants document instructions.                      **EXHIBIT 16**

10

53. Defendant failed to comply in accordance with their own documentation to with MCL 600.3205c(1).                                        **EXHIBIT 17**

54. Plaintiff notified Defendant, March 2, 2012, 2012, of their failure to comply with MCL 600.3205c(1).                                        **EXHIBIT 18**

55. Plaintiff notified Defendant, April 2, 2012, 2012, of their failure to comply with MCL 600.3205c(1).                                        **EXHIBIT 19**

56. Plaintiff notified Defendant, May 2, 2012, 2012, of their failure to comply with MCL 600.3205c(1).                                        **EXHIBIT 20**

57. Plaintiff notified Defendant, June 1, 2012, 2012, of their failure to comply with MCL 600.3205c(1).                                        **EXHIBIT 21**

58. Plaintiff notified Defendant, July 5, 2012, 2012, of their failure to comply with MCL 600.3205c(1).                                        **EXHIBIT 22.**

59. Plaintiff notified Defendant, August 3, 2012, 2012, of their failure to comply with MCL 600.3205c(1).                                        **EXHIBIT 23.**

60. Plaintiff notified Defendant, September 4, 2012, 2012, of their failure to comply with MCL 600.3205c(1).                                        **EXHIBIT 24**

61. Plaintiff notified Defendant, October 3, 2012, 2012, of their failure to comply with MCL 600.3205c(1).                                        **EXHIBIT 25**

62. Defendant refused to work out a modification of the purported loan to avoid foreclosure in compliance with **MCL 600.3205, 600.3205a, 600.3205b, 600.3205c, 600.3205d.**

11

**WHEREFORE,** Plaintiff respectfully moves that this Honorable Court having jurisdiction under **MCL 600.3205, 600.3205a, 600.3205b, 600.3205c, 600.3205d**; 28 U.S.C §1367 (Supplemental Jurisdiction) and the Home Ownership and Equity Protection Act ("HOEPA") will enter an order adjudging the Defendant to shall be prohibited from holding the sale of the e Subject Property for any reason whatsoever together with such other and further relief as the Court may deem reasonable and just under the circumstances.

## COUNT IV

### FAILURE TO COMPLY WITH MCL 600.3208

63. Plaintiff restates the foregoing paragraphs 1-34

64. Defendant failed to comply with the requirements of MCL 600.3208 "In every case within 15 days after the first publication of the notice, a true copy shall be posted in a conspicuous place upon any part of the premises described in the notice."

**WHEREFORE,** Plaintiff respectfully moves that this Honorable Court having jurisdiction under **MCL 600.3208**; 28 U.S.C §1367 (Supplemental Jurisdiction) and the Home Ownership and Equity Protection Act ("HOEPA") will enter an order adjudging the Defendant to shall be prohibited from holding the sale of the e Subject Property for any reason whatsoever together with such other and further relief as the Court may deem reasonable and just under the circumstances.

WHEREFORE, Plaintiff, **P J Cotter**, respectfully requests that this Honorable Court grant his Motion for a Temporary Restraining Order and Judicial Hearing and enter the same in the manner and form attached hereto.

November 28, 2012

Respectfully submitted, P J Cotter

P J Cotter
6243 Church Rd
Fair Haven Mi. 48023
810-459-6972

13

## Case No. 13-2603

PJ COTTER,

Plaintiff-Appellant,

v.

GMAC MORTGAGE, LLC

Defendant-Appellees.

2. Biography  Honorable Nancy G. Edmunds web site
   http://www.mied.uscourts.gov/Judges/guidelines/topic
   .cfm?topic_id=141

# Number of Pages 2

# Biography of Judge Edmunds



# United States District Court
## Eastern District of Michigan
### Gerald E. Rosen, Chief Judge
### David J. Weaver, Court Administrator/Clerk of Court

## Biography

The Honorable Nancy G. Edmunds was appointed to the United States District Court for the Eastern District of Michigan bench on February 10, 1992, by President George Bush. From 1978 until the time she took the bench, Judge Edmunds practiced law in the Detroit law firm of Dykema Gossett. A partner since 1984, she was a member of the firm's commercial litigation section and had acquired extensive trial experience in both state and federal courts. Prior to joining Dykema Gossett, Judge Edmunds served as a law clerk to the Honorable Ralph Freeman, U.S. Senior District Judge for the Eastern District of Michigan.

Judge Edmunds earned her J.D. from Wayne State University Law School in 1976, graduating *summa cum laude*. She was editor-in-chief of the <u>Wayne Law Review</u>. In 1971 she earned her Master of Arts in Teaching from the University of Chicago in Chicago, Illinois. She obtained a Bachelor of Arts from Cornell University of Ithaca, New York, in 1969, graduating *cum laude* with distinction in all subjects. She was also a member of Phi Beta Kappa.

Judge Edmunds has been active in numerous professional associations. She served as chair of the United States Courts Committee of the State Bar of Michigan from 1990-91; commissioner of the 21st Century Commission on the Courts in 1990; program chair of the Federal Bench/Bar Conference in 1990; faculty and board member of the Federal Advocacy Institute from 1983 until 1991; executive board member for the Federal Bar Association, Eastern District of Michigan, from 1989 until 1992, and from 1995 until 2000; board of trustees for the Historical Society of the U.S. District Court for the Eastern District of Michigan from 1993 until 1998; board of trustees of Temple Beth El from 1990 until 1997; member of the National Judicial Conference Committee on Defender Services from 1994 until 2000; board of governors member of Cranbrook/Kingswood Schools from 1999 until 2004; board of trustees member of the Stratford Shakespearean Festival of America from 1999 until the present; chair of the Committee of Visitors of Wayne Law School from 2002 until 2006; and board of trustees member of the Jewish Community Relations Council from 2005 until 2007.

Currently, Judge Edmunds is a member of the Federal Judges Association, the American Judicature Society, the American Bar Association, the Federal Bar Association, and the State Bar of Michigan. She serves on the executive board of the Committee of Visitors of Wayne Law School, and serves on the executive committee of the Michigan Members of the Stratford Festival.

Conference Committee on Defender Services from 1994 until 2000; board of governors member of Cranbrook/Kingswood Schools from 1999 until 2004; board of trustees member of the Stratford Shakespearean Festival of America from 1999 until the present; chair of the Committee of Visitors of Wayne Law School from 2002 until 2006; and board of trustees member of the Jewish Community Relations Council from 2005 until 2007.

Currently, Judge Edmunds is a member of the Federal Judges Association, the American Judicature Society, the American Bar Association, the Federal Bar Association, and the State Bar of Michigan. She serves on the executive board of the Committee of Visitors of Wayne Law School, and serves on the executive committee of the Michigan Members of the Stratford Festival.

Home -- Judicial Officers -- Practice Guidelines -- Practice Guidelines for Judge Nancy G. Edmunds -- Biography

http://www.mied.uscourts.gov/Judges/guidelines/topic.cfm?topic_id=141

# Case No. 13-2603

PJ COTTER,

Plaintiff-Appellant,

v.

 GMAC MORTGAGE, LLC

Defendant-Appellees.

## 3 UNDISPUTED FACT- Michigan Lawyers Oath of Office

## http://www.michbar.org/generalinfo/lawyersoath.cfm

## Number of pages 1

# Oath of Office

## Lawyer's Oath

1. I do solemnly swear (or affirm):
2. I will support the Constitution of the United States and the Constitution of the State of Michigan;
3. I will maintain the respect due to courts of justice and judicial officers;
4. I will not counsel or maintain any suit or proceeding which shall appear to me to be unjust, nor any defense except such as I believe to be honestly debatable under the law of the land;
5. I will employ for the purpose of maintaining the causes confided to me such means only as are consistent with truth and honor, and will never seek to mislead the judge or jury by any artifice or false statement of fact or law;
6. I will maintain the confidence and preserve inviolate the secrets of my client, and will accept no compensation in connection with my client's business except with my client's knowledge and approval;
7. I will abstain from all offensive personality, and advance no fact prejudicial to the honor or reputation of a party or witness, unless required by the justice of the cause with which I am charged;
8. I will never reject, from any consideration personal to myself, the cause of the defenseless or oppressed, or delay any cause for lucre or malice;
9. I will in all other respects conduct myself personally and professionally in conformity with the high standards of conduct imposed upon members of the bar as conditions for the privilege to practice law in this State.

http://www.michbar.org/generalinfo/lawyersoath.cfm

# Case No. 13-2603

PJ COTTER,

Plaintiff-Appellant,

V.

GMAC MORTGAGE, LLC

Defendant-Appellees.

4.

## UNDISPUTED FACT- Code of Conduct for United States Judges (Judicial Canons)

http://www.uscourts.gov/RulesAndPolicies/CodesOf
Conduct/CodeConductUnitedStatesJudges.aspx

## Number of pages 3

# Judicial Canons

# Code of Conduct for United States Judges

CANON 1: A JUDGE SHOULD UPHOLD THE INTEGRITY AND INDEPENDENCE OF THE JUDICIARY

CANON 2: A JUDGE SHOULD AVOID IMPROPRIETY AND THE APPEARANCE OF IMPROPRIETY IN ALL ACTIVITIES

(A) *Respect for Law.* A judge should respect and comply with the law and should act at all times in a manner that promotes public confidence in the integrity and impartiality of the judiciary.

(B) *Outside Influence.* A judge should not allow family, social, political, financial, or other relationships to influence judicial conduct or judgment. A judge should neither lend the prestige of the judicial office to advance the private interests of the judge or others nor convey or permit others to convey the impression that they are in a special position to influence the judge. A judge should not testify voluntarily as a character witness.

(C) *Nondiscriminatory Membership.* A judge should not hold membership in any organization that practices invidious discrimination on the basis of race, sex, religion, or national origin.

COMMENTARY

Canon 2A: An appearance of impropriety occurs when reasonable minds, with knowledge of all the relevant circumstances disclosed by a reasonable inquiry, would conclude that the judge's honesty, integrity, impartiality, temperament, or fitness to serve as a judge is impaired. Public confidence in the judiciary is eroded by irresponsible or improper conduct by judges. A judge must avoid all impropriety and appearance of impropriety. This prohibition applies to both professional and personal conduct. A judge must expect to be the subject of constant public scrutiny and accept freely and willingly restrictions that might be viewed as burdensome by the ordinary citizen. Because it is not practicable to list all prohibited acts, the prohibition is

necessarily cast in general terms that extend to conduct by judges that is harmful although not specifically mentioned in the Code. Actual improprieties under this standard include violations of law, court rules, or other specific provisions of this Code.

**Canon 2B**. Testimony as a character witness injects the prestige of the judicial office into the proceeding in which the judge testifies and may be perceived as an official testimonial. A judge should discourage a party from requiring the judge to testify as a character witness except in unusual circumstances when the demands of justice require. This Canon does not create a privilege against testifying in response to an official summons.

A judge should avoid lending the prestige of judicial office to advance the private interests of the judge or others. For example, a judge should not use the judge's judicial position or title to gain advantage in litigation involving a friend or a member of the judge's family. In contracts for publication of a judge's writings, a judge should retain control over the advertising to avoid exploitation of the judge's office.

A judge should be sensitive to possible abuse of the prestige of office. A judge should not initiate communications to a sentencing judge or a probation or corrections officer but may provide information to such persons in response to a formal request. Judges may participate in the process of judicial selection by cooperating with appointing authorities and screening committees seeking names for consideration and by responding to official inquiries concerning a person being considered for a judgeship.

**Canon 2C**. Membership of a judge in an organization that practices invidious discrimination gives rise to perceptions that the judge's impartiality is impaired. Canon 2C refers to the current practices of the organization. Whether an organization practices invidious discrimination is often a complex question to which judges should be sensitive. The answer cannot be determined from a mere examination of an organization's current membership rolls but rather depends on how the organization selects members and other relevant factors, such as that the organization is dedicated to the preservation of religious, ethnic or cultural values of legitimate common interest to its members, or that it is in fact and effect an intimate, purely private organization whose membership limitations could not be constitutionally prohibited. *See New York State Club Ass'n. Inc. v. City of New York*, 487 U.S. 1, 108 S. Ct. 2225, 101 L. Ed. 2d 1 (1988); *Board of Directors of Rotary International v. Rotary Club of Duarte*, 481 U.S. 537, 107 S. Ct. 1940, 95 L. Ed. 2d 474 (1987); Roberts v. United States Jaycees, 468 U.S. 609, 104 S. Ct. 3244, 82 L. Ed. 2d 462 (1984). Other relevant factors include the size and nature of the organization and the diversity of persons in the locale who might reasonably be considered potential members. Thus the mere absence of diverse membership does not by itself demonstrate a violation unless reasonable persons with knowledge of all the relevant circumstances would expect that the membership would be diverse in the absence of invidious discrimination. Absent such factors, an organization is generally said to discriminate invidiously if it arbitrarily excludes from membership on the basis of race, religion, sex, or national origin persons who would otherwise be admitted to membership.

Although Canon 2C relates only to membership in organizations that invidiously discriminate on the basis of race, sex, religion or national origin, a judge's membership in an organization that engages in any invidiously discriminatory membership practices

prohibited by applicable law violates Canons 2 and 2A and gives the appearance of impropriety. In addition, it would be a violation of Canons 2 and 2A for a judge to arrange a meeting at a club that the judge knows practices invidious discrimination on the basis of race, sex, religion, or national origin in its membership or other policies, or for the judge to use such a club regularly. Moreover, public manifestation by a judge of the judge's knowing approval of invidious discrimination on any basis gives the appearance of impropriety under Canon 2 and diminishes public confidence in the integrity and impartiality of the judiciary, in violation of Canon 2A.

When a judge determines that an organization to which the judge belongs engages in invidious discrimination that would preclude membership under Canon 2C or under Canons 2 and 2A, the judge is permitted, in lieu of resigning, to make immediate and continuous efforts to have the organization discontinue its invidiously discriminatory practices. If the organization fails to discontinue its invidiously discriminatory practices as promptly as possible (and in all events within two years of the judge's first learning of the practices), the judge should resign immediately from the organization.

CANON 3: A JUDGE SHOULD PERFORM THE DUTIES OF THE OFFICE FAIRLY IMPARTIALLY AND DILIGENTLY

CANON 4: A JUDGE MAY ENGAGE IN EXTRAJUDICIAL ACTIVITIES THAT ARE CONSISTENT WITH THE OBLIGATIONS OF JUDICIAL OFFICE

CANON 5: A JUDGE SHOULD REFRAIN FROM POLITICAL ACTIVITY

Compliance with the Code of Conduct
Applicable Date of Compliance
*Last revised (Transmittal 02-016) March 20, 2014*

http://www.uscourts.gov/RulesAndPolicies/CodesOfConduct/CodeCondu

ctUnitedStatesJudges.aspx

## Case No. 13-2603

PJ COTTER,

Plaintiff-Appellant,

v.

 GMAC  MORTGAGE, LLC

Defendant-Appellees.

## 5.   UNDISPUTED FACT-  Code of Professional Responsibility

## Number of pages 1

# Code of Professional Responsibility

# MICHIGAN RULES OF PROFESSIONAL CONDUCT

Rule 1.0 Scope and Applicability

**Preamble: A Lawyer's Responsibilities**

...."A lawyer is a representative of clients, an officer of the legal system and a public citizen having special responsibility for the quality of justice."...." A lawyer's conduct should conform to the requirements of the law"...." a lawyer's professional responsibilities are prescribed in the Rules of Professional Conduct, as well as substantive and procedural law."...." "Fraud" or "fraudulent" denotes conduct having a purpose to deceive and not merely negligent misrepresentation or failure to apprise another of relevant information."....

**Rule: 3.3 Candor Toward the Tribunal**

(a) A lawyer shall not knowingly:

(1) make a false statement of material fact or law to a tribunal or fail to correct a false statement of material fact or law previously made to the tribunal by the lawyer;....

(3) offer evidence that the lawyer knows to be false. If a lawyer has offered material evidence and comes to know of its falsity, the lawyer shall take reasonable remedial measures, including, if necessary, disclosure to the tribunal....

(b) If a lawyer knows that the lawyer's client or other person intends to engage, is engaging, or has engaged in criminal or fraudulent conduct related to an adjudicative proceeding involving the client, the lawyer shall take reasonable remedial measures, including, if necessary, disclosure to the tribunal.....

OFFERING EVIDENCE

Paragraph (a)(3) requires that a lawyer refuse to offer evidence that the lawyer knows to be false,....

**Rule: 3.4 Fairness to Opposing Party and Counsel**

A lawyer shall not:

(a) unlawfully obstruct another party's access to evidence; unlawfully alter, destroy, or conceal a document or other material having potential evidentiary value; or counsel or assist another person to do any such act;....

CERTIFICATE OF SERVICE

I, P J Cotter certify that on this 29th day of April 2014 a copy of the foregoing document **DESIGNATION OF RELEVANT DISTRICT COURT DOCUMENTS** filed in the IN THE UNITED STATES COURT OF APPEALS FOR THE 6TH CIRCUIT, were served upon the following parties via U.S.P.S. first class mail.

Thomas M. Schehr (P54391)

Nasseem S. Ramen (P73513)

*Attorneys for Defendant*

Dykema Gossett PLLC

400 Renaissance Center, 37th floor

Detroit, MI 48243

313-568-5326

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 29th day of April, 2014, at Saint Clair County, Michigan.

PJ Cotter

## CERTIFICATE OF COMPLIANCE WITH RULE 32(a)

### Certificate of Compliance With Type-Volume Limitation, Typeface Requirements, and Type Style Requirements

1.    This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because:

    [ X ]   this brief contains 3227 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii), or

    [ ]   this brief uses a monospaced typeface and contains <state the number of> lines of text, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

2.    This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because:

    [ ]   this brief has been prepared in a proportionally spaced typeface using <state name and version of word processing program> in <state font size and name of type style>, *or*

    [ ]   this brief has been prepared in a monospaced typeface using <state name and version of word processing program> with <state number of characters per inch and name of type style>.

Date:  April 29, 2014

*P-J:Cotter*

P-J:Cotter
6243 Church Road
Fair Haven, Michigan 48023
pocmich@yahoo.com
810 459 6972

April 29, 2014 RECEIVED

APR 3 0 2014

DEBORAH S. HUNT, Clerk

Mr. P-J Cotter
6243 Church Road
Fair Haven, MI 48023

**UNITED STATES COURT OF APPEALS**
FOR THE SIXTH CIRCUIT
Deborah S. Hunt
Clerk
100 EAST FIFTH STREET, ROOM 540
POTTER STEWART U.S. COURTHOUSE
CINCINNATI, OHIO 45202-3988

Re: Case No. 13-2603, *P-J Cotter v. GMAC Mortgage,*
*LLC*
Originating Case No. : 2:12-cv-15382

Louise Schwarber
Case Manager
Direct Dial No. 513-564-7015

Dear Ms. Schwarber,

As per your instructions please find enclosed the Appellant Brief Reply and
Judicial Notice  due by May 1, 2014.

Respectfully,

*P-J Cotter*

P-J Cotter
Unrepresented

Ms. Nasseem Sara Ramin
Dykema Gossett
400 Renaissance Center
Detroit, MI 48243

Mr. Thomas M. Schehr
Dykema Gossett
400 Renaissance Center
Detroit, MI 48243





earthsmart
FedEx carbon-neutral
envelope shipping

ORIGIN ID:UTZN

SHIP DATE: 29APR14
ACTWGT: 1.5 LB
CAD: 6712761/INET3190
DIMS: 0x0x0 IN

BILL SENDER

UNITED STATES US
To DEBORAH HUNT
UNITED STATES COURT OF APPEALS
100 E 5TH ST
RM 540
CINCINNATI OH 45202
(519) 664-7000

FedEx Express

WED – 30 APR 10:30A
PRIORITY OVERNIGHT

45202
OH–US CVG

TRK# 8987 6238 0335

NA LUKA

Part # 158207-

Align bottom of peel and stick airbill here.



United States Marshals Service

FedEx Express